United States Courts
Southern District of Texas
FILED

AUG 2 2 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIE JAMES COLLINS | Case No. **19 CR 607** |

### Indictment

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**Conspiracy to Commit Money Laundering**
**Title 18, United States Code, Section 1956(h)**

1.   Beginning no later than October 2018 and continuing until the date of the Indictment, in the Houston Division of the Southern District of Texas and elsewhere, defendant

**WILLIE JAMES COLLINS**

did knowingly and willfully combine, conspire, and agree with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

> to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

1

### A. The Objective of the Conspiracy

2. The objective of the conspiracy was to enrich the conspirators by concealing and disguising money obtained by fraud so that the conspirators could enrich themselves while minimizing the chance of interference by victims, banks, or law enforcement.

### B. The Manner and Means of the Conspiracy

3. To achieve their objective, the conspirators, both known and unknown to the Grand Jury, used, among others, the following manner and means:

   a. The conspirators opened bank accounts in which to receive fraudulently obtained money.

   b. The conspirators, impersonating business partners of the victims, sent communications to victims to trick them into changing the bank account on file for those business partners.

   c. When the victims sent money to the bank accounts that purportedly belonged to the victims' business partners, they, in actuality, ended up sending money to accounts belonging to the conspirators.

   d. When the fraudulently obtained money was deposited into bank accounts controlled by the conspirators, they acted quickly to withdraw the money and/or transmit it to other accounts controlled by the conspirators before the money could be frozen and the underlying transaction could be reversed.

   e. After the bank froze the money, the conspirators contacted the bank and claimed various reasons why they were rightfully entitled to the money when they then and there knew that these reasons were false.

## C. Acts in Furtherance of the Conspiracy

4. To further the conspiracy and accomplish its objectives, the conspirators, working with each other and others known and unknown, committed (and caused others to commit) one or more of the following acts, among others, in the Southern District of Texas and elsewhere on or about the dates below:

**In Feb. 2019, Collins receives over $2.8 million from fraudulent wires into his BBVA -7053 account**

| Act # | Description of Act |
|---|---|
| 1. | Around Oct. 23, 2018, Willie James Collins registered the dba W. Group Tech. |
| 2. | Around Oct. 29, 2018, Willie James Collins opened an account at BBVA Compass ("BBVA") under the name of his dba W. Group Tech. The last four digits of this account were -7053 ("BBVA -7053"). |
| 3. | Around Jan. 15, 2019, the conspirators, posing as one of Victim Company A's business partners, caused a request to be sent that asked for future payments to be sent to BBVA -7053, an account which purported to belong to the business partner, but which was, in reality, controlled by Willie James Collins. |
| 4. | Around Feb. 1, 2019, Willie James Collins received a deposit of about $9,117.63 from a Victim Company A affiliate into his BBVA -7053 account. |
| 5. | Around Feb. 4, 2019, Willie James Collins, using the fraud proceeds in his BBVA -7053 account, bought a $5,100.69 cashier's check payable to a dba created by Co-Conspirator A. |
| 6. | Around Feb. 4, 2019, Willie James Collins, using the fraud proceeds in his BBVA -7053 account, made $500 and $160 cash withdrawals. |
| 7. | Around Feb. 4, 2019, Willie James Collins, using the fraud proceeds in his BBVA -7053 account, withdrew $500 cash. |
| 8. | Around Feb. 7, 2019, Willie James Collins received a deposit of about $2,683,847.44 from Victim Company A into his BBVA -7053 account. |
| 9. | Around Feb. 7, 2019, Willie James Collins received a deposit of about $47,930.14 from Victim Company A into his BBVA -7053 account. |
| 10. | Around Feb. 7, 2019, Willie James Collins received a deposit of about $76,543.99 from an affiliate of Victim Company A into his BBVA -7053 account. |

| Act # | Description of Act |
|---|---|
| 11. | Around Feb. 7, 2019, Willie James Collins received a deposit of about $2,923.29 from a Victim Company A affiliate into his BBVA -7053 account. |
| 12. | Around Feb. 15, 2019, after BBVA froze the funds in his BBVA -7053 account, Willie James Collins called BBVA, and, in an attempt to get the deposits released, told a BBVA representative that Victim Company A had paid the money to him for a car accident, which he knew was false. |
| 13. | Around Feb. 15, 2019, the conspirators caused an email to be sent, purportedly from an employee of Victim Company A, to BBVA that asserted that the $2,683,847.44 deposit was a legitimate insurance claim payment when, in fact, there was no such employee and the email address was not a legitimate email address belonging to Victim Company A. |

**In Mar. 2019, Collins receives over $621,750.00 from fraudulent wires into his Woodforest -2058 account**

| Act # | Description of Act |
|---|---|
| 14. | Around Nov. 13, 2018, Willie James Collins opened an account at Woodforest National Bank ("Woodforest") under the name of his dba W. Group Tech. The last four digits of this account were -2058 ("Woodforest -2058"). |
| 15. | Around Jan. 25, 2019, the conspirators, posing as one of Victim Company B's business partners, caused a request to be sent to Victim Company B that asked for future payments to be sent to Woodforest -2058, an account that purported to belong to the business partner, but which was, in reality, controlled by Willie James Collins. |
| 16. | From around March 26, 2019, to around April 5, 2019, about 93 ACH deposits totaling approximately $621,750.00 were received from Victim Company B into Willie James Collins's Woodforest -2058 account. |
| 17. | Around March 29, 2019, Willie James Collins bought a cashier's check for approximately $55,885.42 using funds deposited into his Woodforest -2058 account. |
| 18. | Around March 30, 2019, Willie James Collins bought a cashier's check for approximately $61,245.74 using funds deposited into his Woodforest -2058 account. |
| 19. | Around March 31, 2019, Willie James Collins bought a cashier's check for approximately $51,696.56 using funds deposited into his Woodforest -2058 account. |

| | |
|---|---|
| 20. | Around April 5, 2019, after Woodforest National Bank froze his account, Willie James Collins called the bank and claimed that the money deposited into his Woodforest -2058 account were payments to him because he was an employee of Victim Company B, which he knew was false. |

All in violation of 18 U.S.C. § 1956(h).

## COUNTS TWO TO NINE
### Wire Fraud
### Title 18, United States Code, Section 1343

5. The allegations in Count One are hereby adopted, re-alleged, and incorporated as if fully set forth herein.

6. On or about the dates below, in the Houston Division of the Southern District of Texas and elsewhere, defendant

**WILLIE JAMES COLLINS**

aiding and abetting others (and aided and abetted by others) known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud, as set forth above, and for obtaining money and property by means of materially false and fraudulent representations, pretenses, and promises and omissions of material facts, did cause to be transmitted by wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound, for the purpose of executing and attempting to execute said scheme and artifice:

| Count | Description of wire |
|---|---|
| 2 | Around Feb. 1, 2019, Willie James Collins received a deposit of about $9,117.63 from a Victim Company A affiliate into his BBVA -7053 account. |
| 3 | Around Feb. 7, 2019, Willie James Collins received a deposit of about $2,683,847.44 from Victim Company A into his BBVA -7053 account. |

| 4 | Around Feb. 7, 2019, Willie James Collins received a deposit of about $47,930.14 from Victim Company A into his BBVA -7053 account. |
|---|---|
| 5 | Around Feb. 7, 2019, Willie James Collins received a deposit of about $76,543.99 from an affiliate of Victim Company A into his BBVA -7053 account. |
| 6 | Around Feb. 15, 2019, Willie James Collins called BBVA Compass. |
| 7 | Around Mar. 28, 2019, Willie James Collins received a deposit of about $58,014.39 from Victim Company B into his Woodforest -2058 account |
| 8 | Around Mar. 29, 2019, Willie James Collins received a deposit of about $119,487.38 from Victim Company B into his Woodforest -2058 account. |
| 9 | Around April 5, 2019, Willie James Collins received a deposit of about $141,104.41 from Victim Company B into his Woodforest -2058 account. |

All in violation of 18 U.S.C. §§ 1343 and 2.

## NOTICE OF FORFEITURE
## (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant

## WILLIE JAMES COLLINS

that in the event of conviction of a money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h), all property, real or personal, involved in a money laundering conspiracy or traceable to such property, is subject to forfeiture.

## NOTICE OF FORFEITURE
## (18 U.S.C. §981(a)(1)(C); 28 U.S.C. §2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to defendant

## WILLIE JAMES COLLINS

6

that in the event of conviction wire fraud in violation of Title 18, United States Code, Section 1343, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses is subject to forfeiture.

### Money Judgment and Substitute Assets

The United States will seek the imposition of a money judgment against the defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture.

A True Bill: _____

Original Signature on File

Foreperson of the Grand Jury

RYAN K. PATRICK
United States Attorney

Michael Chu
Assistant United States Attorney